**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER ANNE REAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-0676-DGK-SSA |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Jennifer Anne Reavis' application for supplemental security income under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of fibromyalgia syndrome, major depressive disorder, bipolar disorder, anxiety disorder, and post-traumatic stress disorder ("PTSD"), but she retained the residual functional capacity ("RFC") to perform light work with restrictions, including work as a swatch clerk, blade balancer, and packing header.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for supplemental security income on October 9, 2018,[1] alleging a disability onset date of January 15, 2004, which she later amended to October 9, 2018. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and on October 30, 2019, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on June 24, 2020, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

---

[1] Plaintiff previously applied for, and was denied, benefits for both disability insurance benefits and supplemental security income. The prior denials are not at issue here. The issue in this case is whether Plaintiff was disabled during the period from October 9, 2018, to October 30, 2019.

## Discussion

The Commissioner follows a five-step sequential evaluation process[2] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).

In this case, Plaintiff alleges the ALJ committed three different errors at Step Four: (1) he failed to assess the RFC on a function-by-function basis, rendering the RFC flawed as a matter of law; (2) he failed to support the mental capacity portion of the RFC with substantial evidence; and (3) he failed to support the physical capacity portion of the RFC with substantial evidence.  These arguments are unavailing.

## I.      The RFC is not legally flawed.

Plaintiff contends the ALJ first erred as a matter of law by failing to determine her RFC on a function-by-function basis.  Plaintiff contends the ALJ violated SSR 96-8p because he did not explain in detail exactly how he assessed her ability to sit, walk, stand, push, and pull before concluding she could perform light work.

This argument is unpersuasive because the Eighth Circuit has held that an ALJ can comply with SSR 96-8p even if he does not make explicit findings with respect to each functional limitation.  *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003).[3]  There is no per se

---

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work.  The evaluation process ends if a determination of disabled or not disabled can be made at any step."  *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g).  Through Step Four of the analysis the claimant bears the burden of showing that he is disabled.  After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

[3] This also appears to be the position of at least four other circuit courts of appeal.  *See Drennen v. Astrue*, No. 10-CV-6007MAT, 2012 WL 42496, at *4 (W.D.N.Y. Jan. 9, 2012) (citing the following cases outside of the Eighth

requirement that the ALJ discuss functions that are not limited. *Id*. Remand is only necessary where the ALJ describes the RFC in such general terms that the court is unable to determine whether the ALJ limited the claimant's RFC in some way. *Id*.

The ALJ's decision makes plain that he did not find Plaintiff had any limitations in standing, walking, sitting, pushing, or pulling that would impact her ability to perform light work. By writing that Plaintiff "has the residual functional capacity to perform light work" with certain specific exceptions, such as that she can only "occasionally climb ladders, ropes or scaffolds," but not enumerating any other limitations, the ALJ found that she could stand and/or walk for a total of approximately six hours, as light work requires, and she had no limits on her ability to push or pull other than those implicit in light work. R. at 20. This finding is confirmed by the fact that he discussed the report of the state agency medical consultant, Dr. Donna McCall, D.O., who opined that Plaintiff could "[s]tand and walk (with normal breaks) for a total of: [a]bout 6 hours in an 8-hour workday;" "[s]it (with normal breaks) for a total of: [a]bout 6 hours in an 8-hour workday;" and also had an "unlimited" ability to push or pull outside of certain weight limits. R. at 95. The ALJ found this portion of her report persuasive, noting that it justified "limiting the claimant to light work." R. at 26. These findings are supported by the record, so there is no error.

## II.     Substantial evidence supports the RFC's limitations on mental functions.

Next, Plaintiff argues the mental functions portion of the RFC is not supported by substantial evidence. Plaintiff correctly notes there were two medical opinions in the record as to her mental impairments. The ALJ found the opinion of consultative examining physician Dr. Steven Adams "not well supported and not persuasive," and the opinion of a non-examining, non-

Circuit: *Carrigan v. Astrue*, 2:10–CV–303, 2011 WL 4372651 (D. Vt. 2011) (citing *Zatz v. Astrue*, 346 F. App'x 107, 111 (7th Cir. 2009); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (citing *Bencivengo v. Comm'r of Soc. Sec.*, 251 F.3d 153 (3d Cir. 2000))).

treating state agency's physician Dr. Charles Watson, Psy.D. only "partially persuasive." R. at 27-28. Plaintiff contends the ALJ's reasons for rejecting the former's opinions are not supported by substantial evidence, and he also failed to sufficiently explain why he did not incorporate a suggestion from the latter limiting Plaintiff to two-step commands.

The weight to be given a consultative examiner's findings is "a factual matter clearly within the province of the ALJ's authority as a decisionmaker." *Clay v. Barnhart*, 417 F.3d 922, 930 (8th Cir. 2005). The ALJ's decision to give Dr. Adams' opinion little weight is supported by the record. The ALJ summarized the doctor's opinions as to Plaintiff's mental limitations and then explained how these findings were not supported by evidence in the record. He also cited evidence in the record— such as Plaintiff's own statements about how she was getting along with her children—which were inconsistent with these opinions. R. at 27-28. While the Court might have weighed some of this evidence differently were it the finder of fact, the ALJ's decision was not outside the available "zone of choice."

Plaintiff's argument that the ALJ erred by not explaining why he did not include in the RFC a limitation restricting her to two-step commands—a limitation which, if adopted, probably would have resulted in her receiving benefits—is less persuasive. The ALJ's finding Dr. Watson's opinion to be "partially persuasive" was within his discretion. There is no requirement that an ALJ adopt all of the findings or language of the state agency medical consultant, "even if the opinion is given substantial weight." *See Owens v. Saul*, No. 19-00402-CV-NKL, 2020 WL 2319880, at *4 (W.D. Mo. May 11, 2020). Nor do the ALJ's findings have to mirror a particular report, form, or opinion. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (holding the ALJ is not required to rely entirely on a particular physician's opinion). The ALJ reviewed and discussed at length the evidence in the record concerning Plaintiff's mental health, including Dr. Watson's observations about her ability to carry out two-step commands, as well as evidence available after Dr. Watson's report was created in March

2019.  R. at 24–25, 27–29.  The ALJ observed that Plaintiff's mental health seemed to consistently improve during 2019.  For example, he noted that in July of 2019 she reported she enjoyed going to therapy and joining a women's group, and that she had been feeling "pretty good."  R. at 28.  Viewed as a whole, substantial evidence on the record—including treatment and medication records, Dr. Watson's report, and Plaintiff's daily activities—supports the RFC determination with respect to Plaintiff's mental function.

**III.** **Substantial evidence supports the RFC's finding Plaintiff could perform light work.**

Finally, Plaintiff argues that the RFC as to her physical functional limitations is unsupported by substantial evidence because the ALJ should have found her neuropathy and osteoarthritis were medically determinable impairments, or, at the very least, should have subpoenaed EMG, nerve conduction studies, and x-rays from the record in Plaintiff's prior disability proceedings.

As a threshold matter, it is the Plaintiff's burden to establish her RFC, *Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016), and she did not do that here.  Although Plaintiff's attorney at the administrative hearing suggested there was additional medical evidence available that predated the period currently at issue, for whatever reason Plaintiff did not submit this evidence at either the hearing level or the Appeal Council level.  The fact that Plaintiff failed to submit this evidence means the Plaintiff—not the ALJ—erred.

Even if the ALJ had found Plaintiff's neuropathy and osteoarthritis were severe impairments, it would make no difference in this case because there is insufficient evidence that neuropathy or osteoarthritis resulted in functional limitations that would impact Plaintiff's capacity to perform light work with additional postural limitations during the time period at issue.  In fact, Dr. McCall found that Plaintiff's neuropathy was a medically determinable impairment, but still

6

opined that Plaintiff could perform light work with additional postural limitations.  R. at 97.  The issue is whether substantial evidence supports the ALJ's RFC finding, and it does.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  January 20, 2022                               /s/ Greg Kays
                                                      GREG KAYS, JUDGE
                                                      UNITED STATES DISTRICT COURT